**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IRONE WATFORD, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 15-5489-BRM-DEA |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STEPHEN M. D'ILIO, et al., | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Plaintiff Irone Watford ("Plaintiff") is proceeding with the instant Complaint, pursuant to 42 U.S.C. § 1983, alleging that Defendants Stephen M. D'Ilio, Francine Stromberg, and Chong-Hwa Chang (collectively, "Defendants") imposed retaliatory sanctions against him for attending Muslim religious services, in violation of his First Amendment right to freedom of religion. Before the Court is a summary judgment motion filed by Defendants, seeking final resolution on all claims against them. (Mot. for Summ. J. (Dkt. No. 22).) Plaintiff opposes the summary judgment motion. (*See* Pl.'s Br. in Opp'n to Defs.' Mot. for Summ. J. (Dkt. No. 23-1); Mem. of Law in Supp. of Pl.'s Compl. against Defs. pursuant to 42 U.S.C. § 1983 (Dkt. No. 25).) Also before the Court is Plaintiff's motion for default judgment.[1] (Dkt. No. 23.) For the reasons stated below, the Court grants summary judgment on all claims in favor of Defendants and denies the default judgment motion.

### I.      FACTUAL BACKGROUND

---

[1] The Court notes that although Plaintiffs' motion is entitled "Motion for Default Judgment," it appears to be in essence a cross-motion for summary judgment.

For the purposes of this Opinion, the Court views all facts in the light most favorable to Plaintiff, the non-moving party, and recites only the relevant facts.  Plaintiff was an inmate incarcerated at the New Jersey State Prison in Trenton, New Jersey during the relevant time period alleged in the Complaint.  (Dkt. No. 23-1 at 10.)  In May of 2015, he was enrolled in the G.E.D. school program at the prison ("School"), for which he received payment from the prison.[2]  (*Id.*)  On May 7 and 8, 2015, Plaintiff did not attend the School, and instead was excused to attend religious classes and services.  (*Id.*)  Plaintiff admits that he was officially excused by the School to attend these religious activities.  (*Id.*)

Defendants assert the School had a policy that a student who was excused from classes must complete make-up assignments for the excused absences in his cell or housing unit, regardless of the reasons for absences.  (Defs.' Br. in Supp. of Defs.' Mot. for Summ. J. (Dkt. No. 22-1) at 13.)  Plaintiff disputes that such a policy existed.  (Dkt. No. 23-1 at 11.)  Regardless, Plaintiff asserts that Defendant Chong-Hwa Chang, his teacher, sent the make-up assignments to his housing unit, and when Plaintiff returned to class on May 11, 2015, he brought with him to the School the completed make-up assignments.[3]  (*Id.*)

When he handed in the assignments, Plaintiff complained to Chang, and told her that she should no longer send make-up assignments to his housing unit in the future, and that she should place the make-up assignments for him in his folder at the School, which he will then complete once he returns to school.  (*Id.*)  He made this complaint because he believed that there was no prison regulation or rule requiring an inmate to complete make-up assignments and, because he

---

[2] The Court assumes that the prison regarded attendance at the School as a prison job assignment to encourage prisoners to complete their high school education, and paid prisoners accordingly.

[3] May 7 and 8, 2015 fell on a Thursday and a Friday, so May 11, 2015, a Monday, was the next class.

2

was told by Chang previously that he would not receive pay for excused absences, he should not have to complete any make-up assignments.  (*See id.* at 12 ("[W]hy should I work when[] I don't get paid to work in my cell.  I only do school work in school so please stop sending work to my housing unit for me to do.").)  An argument ensued, and the parties disagree on whether Plaintiff was belligerent and disrespectful during this confrontation.  (*Compare* Dkt. No. 23-1 at 11-12 *with* Dkt. No. 22-1 at 14-15.)  What is not in dispute is that Plaintiff was disciplined for this encounter, and was removed from the School.  (Dkt. No. 23-1 at 13.)  The discipline report noted his assertion that he should not have to do work in his cell, and that "he put his hand up – blocking [Chang] from talking."  (Dkt. No. 23 at 9.)  The Court construes the Complaint and its supplement as raising only one claim—that Defendants are liable for their unconstitutional retaliation against Plaintiff, when they removed him from the School for having missed two days of classes to attend religious activities—a construction supported by Plaintiff's own brief.  (*See* Dkt. No. 23-1 at 8.)

## II.    STANDARDS OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and

all justifiable inferences are to be drawn in his favor." *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)); *Anderson*, 477 U.S. at 255; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002).

The burden of establishing that no "genuine dispute" exists is on the party moving for summary judgment. *Celotex*, 477 U.S. at 330. "A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001). The non-moving party must present "more than a scintilla of evidence showing that there is a genuine [dispute] for trial." *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (quotations omitted); *see also Matsushita*, 475 U.S. at 586; *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455, 477 (3d Cir. 2013).

There can be "no genuine [dispute] as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Brightwell v. Lehman*, 637 F.3d 187,

194 (3d Cir. 2011).  While courts must hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), at summary judgment, a *pro se* plaintiff is not exempt from his burden of providing some affirmative *evidence*, *i.e.* not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial.  *See Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014) (holding that *pro se* plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); *Mitchell v. Gershen*, 466 F. App'x 84, 87 (3d Cir. 2011) (upholding a district court's grant of summary judgment against a *pro se* plaintiff for his failure to submit expert testimony in a denial of medical services suit); *Siluk v. Beard*, 395 F. App'x 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law.").

### III.    DECISION

#### A.  Default Judgment

The Court first addresses Plaintiff's motion for default judgment.  Under Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "[E]ntry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)."  *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008).  Rule 55 "provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person."  *Deutsche Bank Nat'l Trust Co. v. Strunz*, No. 12-1678, 2013 WL 122644, at *1 (M.D. Pa. Jan. 9, 2013).

5

Here, Plaintiff's rationale for seeking default judgment is not because Defendants had failed to appear.  (*See* Answer (Dkt. No. 15).)  Instead, he asserts that:

> Plaintiff believes that the Defendants are unable to sustain their argument, and has failed to produce documentation to support their case.  Therefore, the Plaintiff respectfully urges this Court to dismiss the Defendants' request for a Summary Judgment, in support of this Motion the Plaintiff will rely upon the accompanying Brief and Exhibits submitted herewith.  Wherefore, Plaintiff moves that this Court make and enter a Default Judgment on behalf of the Plaintiff, and same as prayer for relief in complaint.

(Dkt. No. 23 at 5.)  In essence, what he seeks is actually a cross-motion for summary judgment, not default judgment.  Furthermore, he has not requested an entry of default from the Clerk, so even if he is indeed seeking default judgment, the Court has no authority to grant it.  As such, the Court denies the motion for default judgment.

### B.  Summary Judgment

As stated above, Plaintiff makes only one claim against Defendants, that they violated his First Amendment right to freedom of religion when they unconstitutionally retaliated against him for attending religious activities.  Defendants argue, among other things, that Plaintiff fails to establish that his First Amendment rights had been violated, or that he was retaliated against.  The Court agrees.[4]

To state a claim for retaliation in violation of the First Amendment, a plaintiff must establish: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."  *Considine v. Jagodinski*, 646 F. App'x 283, 286 (3d Cir. 2016) (quoting *Thomas v. Independence Twp.*, 468 F.3d 285, 296 (3d Cir.

---

[4] The Court does not construe the pleadings as making a direct First Amendment claim, simply because Plaintiff's ability to practice his religion was not infringed upon—he was able to attend the religious activities in question.

2006)).  "As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).  To establish causal link, "the plaintiff [bears] the initial burden of proving that his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him.  The burden then shift[s] to the defendant to prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity."  *Id.* (citing *Mount Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, the asserted constitutionally protected conduct was Plaintiff's attendance of religious activities, and the asserted retaliatory action was his dismissal from the School.  However, Plaintiff fails to establish that there was a causal link between the two.  As described above, he was approved and given express permission to miss classes to attend the religious activities.  Until his confrontation with Chang, Defendants took no adverse action against him; all that had been done before the confrontation was that Chang sent the make-up assignments to him in his housing unit.  Furthermore, nothing in the pleadings nor any of the exhibits submitted by the parties shows that the confrontation with Chang had any relation to the attendance of religious activities—Plaintiff's primary complaint was that he should not have to complete make-up assignments, and even if he was required to do so, he should not have to do so outside of class time.  In his own words, "I don't get paid to work in my cell.  I only do school work in school[.]" (Dkt. No. 23-1 at 12.)

Plaintiff's theory of liability is that:

[I]t is the Plaintiff position that he never refuse to do the work; in fact, he completed the school work and even in the charge Ms. Chang herself states; "the Plaintiff returned the work." . . . So the only possible reason for [dismissing him from the School] was based solely on the principle that he was missing two days of school out of the week for religious purposes[.]"

(Compl. (Dkt. No. 1) at 11.)   To the extent he argues that Defendants used the "missed assignments" excuse as a pretext for the unconstitutional retaliation, he is merely speculating as to the motive of his disciplinary action.  The Court acknowledges that it is unclear what was the basis for the disciplinary action—it may in fact have been for Plaintiff's "refusal" to complete the make-up assignments, even though he did complete the assignments.  However, ambiguity regarding the reasons for the disciplinary action is not proof that it was retaliation against him for attending religious activities.   Plaintiff is "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of [his] prima facie case." *Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014).  It is his burden to provide some affirmative *evidence, i.e.* not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial.   Instead, evidence suggests he was simply upset that he had to complete his make-up assignments outside of class time and during the weekend, when he did not get paid to do so—not unlike any other employee at any other job complaining about having to do work outside of work hours in order to complete an assignment on-time, an all-too-familiar gripe by employees at all workplaces.  That is not enough to assert a *constitutional* violation.  Accordingly, the Court finds that Plaintiff has failed to establish a prima facie case of retaliation, because he cannot demonstrate that there was a causal link between the alleged constitutionally protected conduct and the alleged retaliatory action.  Summary judgment in favor of Defendants is warranted on Plaintiff's claim, and the Defendants' summary judgment motion is granted.[5]

---

[5] To the extent Plaintiff asserts that his procedural due process rights were violated by the apparent irregularities regarding the disciplinary action, the Court notes that there can be no procedural due process violation if Plaintiff had no constitutional entitlement to the alleged property interest, which, in this case, was the continued attendance at the School. *Fanti v. Weinstock*, 629 F. App'x 325, 330 (3d Cir. 2015) (finding that to establish a procedural due process claim, the plaintiff must

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Summary Judgment Motion is **GRANTED**, and the Complaint is **DISMISSED**.  Plaintiff's motion for default judgment is **DENIED**.[6]

Date:  September 26, 2016                    /s/ Brian R. Martinotti_____
                                            **HON. BRIAN R. MARTINOTTI**
                                            **United States District Judge**

---

establish that he has a protected property interest).  Prisoners have no constitutional right to any educational program or prison job assignment.  *See Williams v. Fed. Bureau of Prisons and Parole Comm'n*, 85 F. App'x 299, 305 (3d Cir. 2004) ("[I]nmates have no right to a particular job assignment while they are incarcerated[.]") (citing *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989)); *Little v. Terhune*, 200 F. Supp. 2d 445, 451 (D.N.J. 2002) ("[I]nmates do not have a constitutional right to educational and work programs.").  Since Plaintiff did not have a right to continued attendance at the School, there was no procedural due process violation.

[6] Because the Court is dismissing the case, Plaintiff's application to appoint pro bono counsel (Dkt. No. 26) is denied as moot.